## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

             **:**

  **v.**

**FABIAEN L. MITCHELL,**

   **Defendant.**

             **:**

**Case No. 2:26-cr-49**
**Chief Judge Sarah D. Morrison**

### OPINION AND ORDER

This matter comes before the Court for consideration of Defendant Fabiaen Mitchell's first Motion to Continue Trial (ECF No. 18). The jury trial is currently scheduled for June 23, 2026. (ECF No. 16.)

Defendant seeks a continuance of the trial date and associated pretrial deadlines for approximately 60 days. (ECF No. 18, PAGEID # 59.) Defendant argues that a continuance is warranted because additional time is needed "to develop [Defendant's] defense or mitigation for a potential plea." (*Id.*) Defendant explains that he is being detained at a facility three hours away requiring "special appointments" for meetings with counsel and that his counsel only recently received access to discovery because of "technical difficulties with the vendor where the information is hosted." (*Id.*, PAGEID # 60.) Defendant represents that the Government does not oppose the continuance. (*Id.*)

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial … shall commence within seventy days' after

the arraignment, 18 U.S.C. § 3161(c)(l) but lists a number of exclusions from the 70-day period[.]" *United States v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider several factors including whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's Motion is well taken. The Court will set a trial date outside the Speedy Trial Act's 70-day rule because "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Accordingly, the Court sets forth the following findings:

1.  The Court is available to try this case on June 23, 2026, at 9:00 a.m.

2.  The failure to grant a continuance would deny Defense Counsel and counsel for the Government reasonable time necessary for effective preparations, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

3.  The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given these enumerated findings, the Court **GRANTS** Defendant's Motion to Continue Trial (ECF No. 18). The Court establishes the following:

- All Pretrial Motions, including motions *in limine*, shall be filed on or before **August 10, 2026**. Motions may not exceed ten pages.

- Responses to all Pretrial Motions shall be filed on or before **August 17, 2026**. Responses are limited to ten pages.

- No reply memoranda are permitted without leave of court.

- Joint Jury Instructions, with objections, the grounds therefore, and alternative language clearly marked, shall be filed on or **before August 24, 2026**. A copy shall also be e-mailed to Katherine_Berger@ohsd.uscourts.gov in Word format with all counsel copied on the email.

- The Final Pretrial Conference is scheduled for **September 1, 2026, at 2:30 p.m. in Chambers Conference Room No. 168.**

- The Jury Trial is scheduled for **Tuesday, September 8, at 9:00 a.m. in Courtroom 132**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3